1
2
3
4                       UNITED STATES DISTRICT COURT
5                             DISTRICT OF NEVADA
6                                    * * *
7    CHARLENE PATTON and                    Case No. 2:16-CV-244 JCM (VCF)
     THOMAS H. PATTON, JR.,
8                                                        ORDER
                              Plaintiff(s),
9
10              v.
11   WAL-MART STORES, INC.,
12                            Defendant(s).

13           Presently before the court is plaintiffs Charlene Patton and Thomas Patton, Jr.'s motion to

14   remand and motion to amend their complaint.  (ECF Nos. 7, 15).  For the motion to remand,

15   Defendant Wal-Mart Stores, Inc. ("Walmart") filed a response, (ECF No. 9) and plaintiffs filed a

16   reply (ECF No. 14)  For the motion to amend the complaint, defendant filed a response, (ECF No.

17   24) but plaintiffs filed no reply.

18      **I.      Introduction**

19           On October 16, 2014, Ms. Patton allegedly slipped on a puddle originating from crates

20   carrying wet produce in a Wal-Mart store.  (ECF No. 1-2).  Plaintiffs—who are Nevada citizens—

21   assert that "she sustained injuries to her right leg, right hand and wrist, neck, shoulder and back."

22   (ECF No. 7 at 3).

23           Plaintiffs originally filed this action in Nevada state court on November 4, 2015.  (*Id.*).

24   Plaintiffs allege five claims against defendant: (1) negligence; (2) premises liability; (3) vicarious

     liability; (4) negligent hiring, supervision and training; and (5) loss of consortium.  (*Id.*).  On
25
     December 3, 2015, the defendant was served with a copy of the complaint.  (*Id.*).
26
             Defendant filed a petition for removal on February 8, 2016, asserting diversity jurisdiction
27
     pursuant to 28 U.S.C. § 1332.  (ECF No. 1).  Plaintiffs now challenge that petition's timeliness.
28
     (ECF Nos. 7, 8).

**James C. Mahan**
**U.S. District Judge**

On May 10, 2016, plaintiffs filed a motion to amend the complaint to replace defendant Doe Worker with Walmart employee Joseph Lancto, who is also a Nevada citizen.  (ECF No. 15). Defendant argues that Mr. Lancto is a "sham" defendant introduced to destroy diversity jurisdiction, the motion is introduced to delay the case, and plaintiffs could realistically collect damages only from Walmart.  (ECF No. 24).  As the motion to amend the complaint could have jurisdictional consequences, the court confronts that filing first.

## II.      Legal Standard

For a district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

28 U.S.C. § 1447(e) states: "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  *See also Morris v. Princess Cruises*, 236 F.3d 1061, 1068 (9th Cir. 2001).

"[J]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (internal quotations omitted).  Courts in the Ninth Circuit generally presume against the presence of fraudulent joinder.  *Id.* (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). Also, "[f]raudulent joinder must be proven by clear and convincing evidence."  *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

A district court must remand a case removed from state court pursuant to diversity jurisdiction if an amended complaint asserts claims against a non-diverse defendant.  *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004) ("[O]nce the non-diverse defendants were joined remand became mandatory. This is precisely the point of § 1447(e).").  "[A] defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

. . .

. . .

James C. Mahan
U.S. District Judge

### III.     Discussion

Defendant states that the present motion to amend is offered to eliminate diversity jurisdiction and delay the case, arguing:

> (1) Mr. Lancto is judgment-proof and thus Plaintiffs can have no real intention of obtaining a joint judgment from him, (2) Walmart would be vicariously liable for any negligence of Mr. Lancto, (3) Walmart can and would satisfy any judgment in this matter, and (4) Plaintiffs knew about Mr. Lancto's identity and involvement in the creation of the spill since January 27, 2016, but did nothing to add him until after they received Defendant's Opposition to their baseless Motion to Remand.

(ECF No. 24 at 9–10).

Under Nevada law, "[t]he elements of a prima facie negligence case are duty, breach, causation, and damages." *Helle v. Core Home Health Servs. of Nevada*, 124 Nev. 1474 (2008) (citing *Butler ex rel. Biller v. Bayer*, 168 P.3d 1055, 1063 (2007)).

Plaintiffs have alleged these elements against defendants. (ECF No. 1-2 at 4–7). Indeed, Walmart does not argue that the plaintiff failed to state a cause of action. *See* (ECF No. 24). Instead, Walmart asserts that it would be the party paying for resulting damages. (*Id.*).

"While plaintiff may not ultimately recover against [an employee co-defendant], this does not mean that [the employee co-defendant] was fraudulently joined." *Milligan v. Wal-Mart Stores, Inc.*, 2014 WL 7240162, at *3 (D. Nev. Dec. 18, 2014) (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1045 (9th Cir. 2009)). Therefore, plaintiff made no "obvious" failure to state a claim. *Weeping Hollow Ave. Trust*, 831 F.3d at 1113.

Walmart's implication that plaintiffs filed the motion to amend their complaint because they expected their motion to remand to fail is speculative. Indeed, that motion was undecided when plaintiffs filed the instant motion.

Next, Walmart's citation to this court's finding of fraudulent joinder in *Youngblood et al. v. Wal-Mart Stores, Inc.*, is unpersuasive because that instance involved a legitimate question of whether an employee lacked a duty to avoid the alleged negligent action in that case. 2:06-cv-01504-JCM-RJJ, (ECF No. 67).

### IV.     Conclusion

In sum, Walmart has failed to surmount the presumption against fraudulent joinder by clear and convincing evidence. The motion to amend the complaint will be granted; therefore, this case

James C. Mahan
U.S. District Judge

- 3 -

1    must be remanded for a lack of jurisdiction. *Stevens*, 378 F.3d at 949.

2            Accordingly,

3            IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to

4    amend the complaint (ECF No. 15) be, and the same hereby is, GRANTED.

5            IT IS FURTHER ORDERED that plaintiff's motion to remand to state court (ECF No. 7)

6    be, and the same hereby is, DENIED as moot.

7            IT IS FURTHER ORDERED that this case shall be remanded to the appropriate Nevada

     state court.

8            DATED December 19, 2016.

9

10                                    _____
                                      UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge                              - 4 -